IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NASH TUTEN, | * |
| Plaintiff, | * |
| v. | *   CV 421-228 |
| PUBLIC DEFENDER'S OFFICE and KATILYN BECK, | * |
| Defendants. | * |

**O R D E R**

Plaintiff Nash Tuten filed this lawsuit while imprisoned at the Chatham County Detention Center. (Compl., Doc. No. 1, at 2.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 6 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such

relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's Complaint is dismissed for failing to state a claim.

## I. BACKGROUND

Plaintiff brings the present Section 1983 claim against his public defender, whom he names as "Katilyn Beck," and the Public Defender Office (Doc. No. 1, at 5.) He alleges that Beck committed the offense of fraud because she waived the true bill of indictment without his consent and violated Ga. Code Ann. § 17-17-6(a) by retaining mail correspondence. (Id.) For this offense, Beck was purportedly discharged from the case by Judge Abbot.[1] (Id.) Plaintiff requests $250,000.00 in damages plus the removal of Beck from her position as a public defender. (Id. at 6.)

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a

---

[1] The Court assumes Plaintiff is referring to the Honorable Louisa Abbot of the Chatham County Superior Court.

claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R.

Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Section 1983 only bars civil rights abuses committed by those acting under color of state law. 42 U.S.C. § 1983. Appropriate parties for suit under Section 1983 include "persons" who participated in the alleged violation. See id. (subjecting only "persons" to liability). The Chatham County Public Defender's Office is not an entity subject to suit. See Anderson v. Jail, 2016 WL 4579982, at *4 (S.D. Ga. Aug. 9, 2016) (collecting cases). Furthermore, Plaintiff makes no factual allegations against this entity and does not otherwise refer to the public defender's office in the body of his complaint. Accordingly, he fails to state a claim as to this Defendant.

Moreover, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); see also Wahl v. McIver, 773 F.2d 1169, 1173

(11th Cir. 1985) (finding public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer"). Because Defendant Beck is not a state actor, she cannot be sued under Section 1983 and Plaintiff's claims against her are dismissed.

Plaintiff also made miscellaneous requests on the docket. He was informed by the Clerk of Court that his Motion for Extension of time was noncompliant, but he failed to correct the deficiency. Even if he attempted to correct this deficiency elsewhere, the Motion is incomprehensible. Thus, his Motion for Extension of Time (doc. no. 7) is **DENIED**. Next, Plaintiff's Motion to Amend/Correct Cases (doc. no. 10) is also **DENIED** since it appears he seeks to consolidate several unrelated claims. Finally, his Motion and Request for Status (doc. no. 14) is **DENIED**. See Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) ("A district court retains the inherent power to police its docket.")

## IV. CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any arguably viable claims in his Complaint. Moreover, Plaintiff's miscellaneous requests (doc. nos. 7, 10 & 14) are **DENIED**. Pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that Plaintiff's

Complaint is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 13TH day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE